OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Although the contract stated the buyer was to purchase the property subject to minor violations whose cost of repair totaled less than $1,000, it did not necessarily require the seller to cure major violations. The contract was ambiguous with respect to whether the buyer or the seller had the obligation to cure the major violations. Considering the affirmed factual findings — for example, the contract was amended during negotiations between sophisticated real estate dealers who were represented by counsel; the sentence clearly obligating the seller to cure all violations was stricken during negotiations; the buyer was satisfied with a cursory inspection of the building prior to down payment, and was aware of *869 substantial violations; and the buyer was interested in a "quick flipping” of the contract — we conclude that the trial court and the Appellate Division properly interpreted the contract as giving the buyer the option not to close in the event the seller failed to cure the major violations by the closing date. Accordingly, specific performance was properly denied.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.